# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| VERNON EDWARD HOPKINS, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV416-024 |
| UNITED STATES OF AMERICA, | ) ) | CR400-128 |
| Respondent. | ) ) | |

## REPORT AND RECOMMENDATION

After pleading guilty to possession of a firearm by a convicted felon, Vernon Hopkins moves under 28 U.S.C. § 2255 for resentencing absent an armed career criminal enhancement. Doc. 45.[1] Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be denied.

This is not Hopkins' first post-conviction rodeo. Almost fourteen years ago the Court denied his § 2255 motion (doc. 44), which alleged ineffective assistance of counsel ("IAC") and sought resentencing. Doc.

---

[1] All citations are to the criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

50, *adopted* doc. 52 (denying IAC claims on the merits). That this is round two for Hopkins decides this case.[2]

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244. . . ."). District courts "lack[] jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir.1996) (emphasis in original)), *adopted by*, 2012 WL 1119761 (S.D. Ga. Apr. 3, 2012).

---

[2] In some circumstances, numerically second petitions do not qualify as "second or successive" for purposes of § 2244. *See, e.g., Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (second-in-time habeas petition dismissed for failure to exhaust state remedies was not successive). Second petitions like Hopkins', however, that attack the same judgment and raise claims that could have been raised in the first petition but were not "must meet the standards for authorization under § 2244." *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009).

2

Because (1) this is Hopkins' second § 2255 motion, and (2) he never sought permission from the court of appeals to file it, "this Court is not at liberty to consider it." *Id.* Accordingly, his § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this __1st__ day of February, 2016.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA